

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

JOHN RANDAL JOHNSTON

VERSUS

GEORGIA PACIFIC, LLC
SUCCESSOR TO GEORGIA PACIFIC CORP.

CIVIL ACTION

No. 08-169-JJB

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on defendant's motion (doc. 17) for summary judgment. Plaintiff filed an opposition. (Doc. 21.) There is no need for oral arguments. For the following reasons, the Court GRANTS defendant's motion for summary judgment, in part, and DISMISSES the remaining state law claims without prejudice.

### Factual Background

Plaintiff transferred to defendant's Zachary, Louisiana, facility in October 2001; he resigned in May 2007. (Compl. 1, doc. 1.) After his transfer, plaintiff alleges he began protesting "religion offensive language and behavior." (*Id.*) He alleges that his supervisor, Tim Crawford ("Crawford"), created an abusive environment through his demeanor and profanity, including the phrase "god damn." (Johnston Dep. 11, doc. 21-2.)

Plaintiff reported Crawford's behavior to his supervisors. (Mem. Supp. Pl.'s Response at 3-4, doc. 21-12.) He informed them that he found the language offensive and could no longer tolerate the working environment.

1

(Johnston Dep. 28-29, doc. 21-2.) He asserts that after these complaints his supervisor no longer allowed him to attend conferences and reduced his duties. (*Id* at 22.)

Eventually, plaintiff filed a formal complaint through defendant's hotline. Soon thereafter, plaintiff resigned, stating in his resignation letter that he could no longer tolerate being named a liar; that he had repeatedly tried to do the right thing; and that he'd lost his credibility, dignity, and respect. (Resignation Email 1, doc. 21-5, ex. 14). He alleges that this resignation amounts to constructive discharge. (Mem. Supp. Pl.'s Response 24, doc. 21-12.)

After his resignation, plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission and received a Notice of Right to Sue. (Compl. 4, doc. 1.) Plaintiff sues under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. 2000e, *et seq.*; the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.*; the Louisiana Whistleblower Statute, La. R.S. 23:967; and, Louisiana tort laws.

## Summary Judgment Standard

Summary judgment is appropriate when the pleadings, answers to interrogatories, admissions, depositions, and affidavits on file indicate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). When the burden at trial rests on the non-movant, as it does here, the

movant need only demonstrate that the record lacks sufficient evidentiary support for the non-movant's case. *See id.* The movant may do so by showing that the evidence is insufficient to prove the existence of one or more elements essential to the non-movant's case. *Id.*

Although the Court considers any disputed or unsettled facts in the light most favorable to plaintiff, he may not merely rest on allegations set forth in his pleadings. Instead, plaintiff must show that there is a genuine issue for trial by presenting evidence of specific facts. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy plaintiff's burden. *See Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). If, once plaintiff has been given the opportunity to raise a genuine factual issue, no reasonable juror could find for the plaintiff, summary judgment will be granted. *See Celotex,* 477 U.S. at 322; see also Fed. Rule Civ. P. 56(c).

In analyzing this motion for summary judgment, the Court must determine whether plaintiff has presented a *prima facie* case of discrimination on his claims. Once plaintiff presents a *prima facie* case, then the Court must consider whether defendant has presented legitimate non-discriminatory reasons for its challenged actions. Plaintiff must then sufficiently rebut those legitimate non-discriminatory reasons in order to survive a motion for summary judgment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-3 (1973).

Analysis

A. *Hostile Work Environment under Title VII*

To establish a *prima facie* hostile work environment claim a plaintiff must establish: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment complained of was based on his membership in a protected class; and, (4) the harassment affected a term, condition, or privilege of employment. *Frank v. Xerox Corp.*, 347 F.3d 130, 138 (5th Cir. 2003). A plaintiff must subjectively perceive the environment as hostile and the behavior must create an objectively hostile environment. *Id.; see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).[1]

Here, even if plaintiff subjectively perceived a hostile environment, he failed to establish an *objectively* hostile environment. Plaintiff asserts that his supervisor's conduct upset him because of his religion. However, there is "a conceptual gap between an environment that is offensive to a person of strong religious sensibilities and an environment that is offensive because of hostility to the religion guiding those sensibilities." *Rivera v Puerto Rico Aqueduct and Sewers Auth.*, 331 F.3d 183, 190 (2nd Cir. 2003).

---

[1] Factors used in determining whether conduct creates a hostile work environment include the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, and whether it unreasonably interfered with work performance. *Harris,* 510 U.S. at 21.

Plaintiff has provided no evidence that his supervisor's actions arose from any hostility towards Christianity. Instead, the conduct offended his "belie[f] that taking the Lord's name in vain violates Scripture." (Mem. Supp. Pl.'s Resp. 2, doc. 21-12.) The fact that an employer does not alter his own behavior in conformity with an employee's religious tenets does not amount to discrimination. *See Rivera*, 331 F.3d at 190 (finding that remarks abhorrent to plaintiff's religion did not amount to discrimination because of religion). Plaintiff has shown only that he took offense at the comments because of his personal, religious beliefs; he has not shown that the comments arose from hostility *towards* those beliefs. Thus, Johnston fails to meet the third requirement for a *prima facie* case--that the harassment complained of was *based* on his membership in a protected class.

B. *Religious Discrimination under Title VII*

To establish a *prima facie* case of religious discrimination under Title VII a plaintiff must establish: (1) that he had a *bona fide* religious belief that conflicted with an employment requirement; (2) that he informed the employer of his belief; and, (3) that he was discharged[2] for failing to comply with the conflicting employment requirement. *Weber v. Roadway Express*, 199 F.3d 270, 273 (5th Cir. 2000).

Plaintiff attempts to fit his claim into this framework by arguing that he was "required to tolerate the use of the Lord's name in vain." (Mem. Supp. Pl.'s Resp.

---

[2] Plaintiff alleges constructive discharge.

5

15, doc. 21-12.) This argument, however, ignores the natural meaning of the statute. On reviewing controlling case law, the Court finds that a requirement must create more than an obligation to tolerate; the requirement must constitute a duty to actively do something. *See Stolley v. Lockeheed Martin Aeronautics Co.*, 228 F. App'x 379 (5th Cir. 2007) (*working* on the Sabbath); *Bruff v. North Miss. Health Serv., Inc.*, 244 F.3d 495 (5th Cir. 2001) (*counseling* homosexual individuals about their relationships); *Weber*, 199 F.3d 270 (*making* overnight runs with a female employee); *Brener v. Diagnostic Center Hospital*, 671 F.2d 141 (5th Cir. 1982) (*working* on religious holidays); *Young v. Southwestern Sav. and Loan Ass'n*, 509 F.2d 140, 143-44 (5th Cir. 1975) (*attending* prayer meetings).

Plaintiff did not wish to refrain from some action that violates his beliefs, but instead wanted an end to the vulgar language and rude demeanor of his supervisor. Even if the court found objection to the supervisor's demeanor, rudeness or a lack of religious sensitivity does not amount to actionable harassment. *Cf. Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998) (speaking of racial sensitivity). Title VII is not a general civility code. *See, e.g., id.* at 786. Therefore, plaintiff fails to meet the first prong of a *prima facie* case-- that he held a *bona fide* religious belief that conflicted with an employment requirement.

6

*C. Retaliation under Title VII*

To establish a *prima facie* Title VII retaliation case plaintiff must establish that: (1) he engaged in protected activity; (2) he suffered from an adverse employment action; and, (3) there was a casual connection between the activity and the adverse employment decision. *Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000). Protected activity includes opposition to an unlawful employment practice.[3] *See Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000). Where, as here, the underlying activity does not actually amount to discrimination, the employee must instead show that he reasonably believed that the employer's actions amounted to discrimination. *See Byers v. Dallas Morning News, Inc.,* 209 F.3d 419 (5th Cir. 2000).

Here, plaintiff alleges that he engaged in protected activity by repeatedly complaining to his supervisors and making a hotline complaint. Plaintiff's own accounts of his statements to his supervisors, however, do not show that he complained of religious discrimination, but that he found the language offensive and could no longer tolerate the working environment. Indeed, his resignation email asserts that *because* of his faith he must resign, not that anyone had engaged in religious discrimination or harassment.

---

[3] Participation in an investigation, proceeding, or hearing under Title VII is also protected activity. *Haynes v. Pennzoil Co.,* 207 F.3d 296, 299 (5th Cir. 2000). Although plaintiff filed an EEOC complaint, he did so months after his resignation and is not a factor in this case. (Notice of Charge, doc. 17-6, ex. D).

Similarly, the incident description for the hotline complaint does not mention religious discrimination; instead, it records plaintiff's complaints about Crawford's profanity, feeling undermined, and not being allowed to transfer because he was too valuable. (Incident Rep. 1, doc. 17-4, ex. 8.) Plaintiff testified that the incident report is accurate and complete. (Johnston Dep. 182-83, doc. 17-4.) Thus, plaintiff has provided no evidence that when he complained of Crawford's conduct, he reasonably believed he complained about discrimination prohibited by Title VII. *Compare Watts v. Kroger Co.*, 170 F.3d 505, 511 (5th Cir. 1999) (no protected activity where complaint did not allege harassment), *with Crawford v. Metro. Gov't of Nashville and Davidson County*, 129 S.Ct. 846, 852 (2009) (protected activity where employee's responses reported discrimination). Accordingly, no reasonable juror could conclude that plaintiff engaged in protected activity. Therefore, his claim for retaliation must be dismissed.

### D. *Louisiana Employment Discrimination Laws*

Plaintiff further alleges that defendant violated the Louisiana Employment Discrimination Law, La. R.S. 23:301, *et seq.* The scope of Louisiana's antidiscrimination law is the same as that of Title VII. *Aucoin v. Kennedy*, 355 F. Supp. 2d 830, 845 (E.D. La. 2004). Indeed, Louisiana courts routinely look to federal jurisprudence when interpreting Louisiana antidiscrimination laws. *See Ott v. Families Helping Families of Greater New Orleans*, 940 So. 2d 1, 5 (La.

8

App. 4th Cir. 2006); *Lee v. Constar, Inc.*, 921 So. 2d 1240, 1246 (La. App. 5th Cir. 2005); *Bustamento v. Tucker*, 607 So. 2d 532, 538 n.9 (La. 1992). Louisiana courts, therefore, use the Title VII analysis when determining whether a plaintiff has established a *prima facie* case. Thus, because plaintiff failed to establish a *prima facie* case under Title VII, the Court also finds that plaintiff failed to establish a *prima facie* case under the Louisiana Employment Discrimination Law.

Plaintiff further alleges that defendant violated the Louisiana Whistleblower Statute, La. R.S. 23:967. Louisiana appellate courts have repeatedly held that in order to establish a claim under the Whistleblower Statute, an employee must prove that her employer committed an actual violation of state law. *Accardo v. Louisiana Health Serv. & Indem. Co.*, 943 So. 2d 381, 383 (La. App. 1st Cir. 2006); *Hale v. Touro Infirmary*, 886 So. 2d. 1210, 1214 (La. App. 4th Cir. 2004); *Puig v. Greater New Orleans Expressway Comm'n*, 772 So. 2d 842, 845 (La. App. 5th Cir. 2000). Thus, in order to survive summary judgment, plaintiff must establish that defendant actually engaged in religious discrimination. Because the Court has found that plaintiff failed to establish a *prima facie* case of discrimination, it also finds that plaintiff failed to establish a claim under the Louisiana Whistleblower Statute.

E. Louisiana Tort Claim

Having dismissed all claims over which the Court has original jurisdiction,

the Court may decline to exercise jurisdiction over plaintiff's state tort claim. *See* 28 U.S.C. § 1367(c)(3). Because the remaining tort claim is not substantially similar to the Title VII claim, this Court will not address it. Therefore, the Court will dismiss this claim without prejudice.

## Conclusion

The court hereby finds that plaintiff failed to establish a *prima facie* case under Title VII, the Louisiana Employment Discrimination Law, or the Louisiana Whistleblower Statute.

Accordingly, regarding plaintiff's claims under Title VII, the Louisiana Employment Discrimination Law, and the Louisiana Whistleblower Statute, defendant's motion (doc. 17) for summary judgment is GRANTED; regarding plaintiff's Louisiana tort claim, the matter shall be DISMISSED without prejudice. As a result, defendant's motion (doc. 22) for extension of time to file a reply memorandum is DENIED as moot.

Signed in Baton Rouge, Louisiana, this 3rd day of September 2009.

JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA